Order, Supreme Court, New York County (Shirley Werner Kornreich, J), entered June 22, 2012, which denied defendants’ motion for summary judgment and granted in part plaintiff’s cross motion for summary judgment, unanimously affirmed, with costs.
The motion court properly determined that plaintiff junior lender’s action is not barred by the limitation on law suit provisions contained in its agreement with non-party senior lender. The first of those provisions allows suit where the senior lender has been paid in full. Defendants debtors entered into an agreement, which although denominated as an “assignment” of the loan, provided that the senior lender would be “deemed” paid in full in exchange for payment of nearly all that was owed. Accordingly, it would torture the subordination agreement to construe it as continuing to bar plaintiff from bringing suit on the junior note (see Perry v Bankers’ Life Ins. Co., 47 App Div 567, 570 [1900], affd 167 NY 607 [1901]; see also In re Innovative Communication Corp., 2010 WL 1728536, *9-10, 2010 Bankr LEXIS 1141, *29-30 [D VI, Apr. 27, 2010, No. 07-30012 (JKF)] [where a party pays creditor for “assignment” of own debt, it is an accord and satisfaction of the debt]). Once the senior lender was paid off, the junior lender was not required to obtain its consent to sue. The purpose of the consent was to protect the senior creditor’s seniority in all assets of the defendants. Following repayment of the debt, there was no remaining purpose for this condition (see Restatement [Second] of Contracts § 261). Concur — Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and *515 Clark, JJ. [Prior Case History: 36 Misc 3d 1205(A), 2012 NY Slip Op 51195(U).]